IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

JOHNNY KELLY,

      Plaintiff,

vs.                                  No. 07-2389-JDB/tmp

CITY OF MILLINGTON,

      Defendant.

_____

ORDER DENYING MOTION TO RECONSIDER (DOCKET ENTRY #4)
AND
ORDER OF DISMISSAL
_____

     Plaintiff Johnny Kelly, a resident of Memphis, Tennessee, filed a complaint alleging violation of his civil rights under 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis. The motion to proceed in forma pauperis did not adequately document monthly income, assets, and financial obligations and was insufficient to permit the Court to conclude that Kelly is indigent and unable to pay the filing fee.

     The Court issued an order on April 1, 2008, directing Plaintiff, within eleven (11) days of the date of entry of this order, to file a properly completed in forma pauperis affidavit or pay the $350 civil filing fee. On April 14, Kelly filed a motion to reconsider the motion to proceed in forma pauperis. Plaintiff merely states that he has not worked since 2006. His response does not cure the factual inadequacies in the original affidavit and

therefore, fails to comply with the Court's order. The time set for compliance has now expired.

The April 1, 2008 order provided, in pertinent part, that "[f]ailure to timely comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." 04/01/08 Order at 2. The Court DISMISSES this action without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.[1]

---

[1] Kelly alleges that his work van and property were illegally seized on October 12, 2006. He is advised that he cannot demonstrate that he was deprived of property without due process as required to state a claim under 42 U.S.C. § 1983.

> In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. Parratt[ v. Taylor, 451 U.S. 527,] 537 [(1981)]; Carey v. Piphus, 435 U.S. 247, 259 (1978)("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property"). The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.

Zinermon v. Burch, 494 U.S. 113, 125-26 (1990)(footnote and some citations omitted). Generally, claims for deprivation of property without due process are not actionable under § 1983 if the deprivation of property could not have been anticipated and adequate state remedies are available to redress the deprivation. Id. at 132. See also Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985). When, however, an established procedure itself deprives a person of property, or contributes to the deprivation, the Due Process Clause is violated regardless of the availability of post-deprivation remedies. Zinermon, 494 U.S. at 136-37; Hudson, 468 U.S. at 532; Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982); G.M. Engineers and Assoc. v. West Bloomfield TP, 922 F.2d 328, 331-32, 332 n.3 (6th Cir. 1990); Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 199 (6th Cir. 1987).

Plaintiff had the right to contest the administrative proceeding and to seek judicial review of that proceeding in state court. If plaintiff's contention is that the administrative proceeding did not provide him with proper notice, he has no due process claim in federal court, because the judicial review available in state court adequately protected his due process rights. Notwithstanding any failure by the plaintiff to avail himself of those remedies, the available state law remedies satisfied his right to due process.

To the extent a state court has entered a ruling adverse to the plaintiff, this Court cannot review that decision.

> United States district courts . . . do not have jurisdiction[]over challenges to state-court decisions in particular cases arising out

IT IS SO ORDERED this 21st day of April, 2008.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE

---

    of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this [the United States Supreme] Court. 28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983). See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court). In short, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993). Furthermore,

    federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970). Thus, to the extent that plaintiff might be attempting to challenge a state court ruling, he has no claim.